## CIRCUIT COURT OF SHENANDOAH COUNTY

William O. Van Deusen, II

v.

Commonwealth of Virginia

January 6, 2000

Case No. CH99-193

BY JUDGE DENNIS L. HUPP

William O. Van Deusen, II, petitioner, seeks to expunge three felony charges from his criminal record. These charges were brought in Shenandoah County, Virginia, and were ultimately nolprossed. The criminal cases were styled *Commonwealth of Virginia v. William O. Van Deusen, II*, Docket Numbers CR98-89, CR98-90, and CR98-91. Van Deusen files his petition pursuant to Virginia Code § 19.2-392.2.

The cited statute permits a person to file a petition for expungement where the criminal case has been dismissed or nolprossed or where he was acquitted or has been given an absolute pardon. The statute requires the Court to conduct a hearing on the petition, and such hearing was held yesterday in this case. "If the Court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which may constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge." *Id.*

Van Deusen's father, who is a businessman and currently Van Deusen's employer, testified that the existence of this criminal record may interfere with or limit Van Deusen's employment opportunities in the future, since many employers inquire as to whether a job applicant has been *charged* with a criminal offense, not limiting the inquiry to *convictions*. This testimony, especially in light of common knowledge, is sufficient to show that the

defendant may be prejudiced by this record and may experience hardship and inconvenience on account of same; however, those consequences are not necessarily unjust and certainly not manifestly so.

To determine whether there is some manifest injustice in the continued existence of this record, a review of the facts and circumstances of the criminal case and the ensuing legal proceedings is in order. On January 23, 1998, officers of the Northwest Regional Drug Task Force were investigating drug activity in Strasburg. They observed individuals standing near vehicles outside an apartment complex on Charles Street in that town. While these individuals were not the subject of the Drug Task Force's investigation at the time, the officers, from their training and experience, suspected drug activity. Van Deusen was one of the individuals observed, and the officers followed his vehicle, hoping to find some reason to stop the vehicle to make further inquiry. Deputy Billy Rice was instructed by the Drug Task Force Officers to continue surveillance of the vehicle and to make a stop if legal opportunity arose. In the criminal case, I found that Deputy Rice had legal reason to stop the vehicle because of the manner in which it was being operated, weaving. After stopping the vehicle, Deputy Rice asked the defendant to join him in his police cruiser. Deputy Rice abandoned the initial reason for the stop and began questioning the defendant about possible drug activity. He did not advise the defendant of his *Miranda* rights. I suppressed the defendant's incriminating statements because of this. Deputy Rice also asked for consent to search and, after receiving that consent, conducted a search, finding marijuana in the vehicle. I found that the consent was not voluntarily given, because the consent was obtained during the improper interrogation. In my analysis, I felt that I could not separate the consent from responses given to the officer's questions. Hence, I suppressed the physical evidence as well. Thereafter, the Commonwealth moved for a nolle prosequi in these cases.

I do not subscribe to Van Deusen's theory that, since crucial evidence was suppressed and the prosecution consequently discontinued, the charges should not have been brought in the first place. The exclusionary rule is a judicially-created, prophylactic rule designed to deter police misconduct and to protect important constitutional rights. Van Deusen received the benefit of that rule in the criminal case, but the rule does not apply in civil cases. *County of Henrico v. Ehlers*, 237 Va. 594 (1989). For this reason, in the civil case before me now, I can consider the evidence of Van Deusen's criminal conduct as presented or proffered at the suppression hearing in the criminal case. The officer found him to be in possession of marijuana. There was evidence that he possessed that marijuana with the intent to distribute same, that he had actually distributed marijuana earlier that night, and that he had conspired with

another to do so. For this reason, I find no manifest injustice in allowing the record of these felony charges to stand.

The petition for expungement is denied.